IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUSTAQUIO C. TRUJILLO,

    Plaintiff,

v.                                           CIV 10-0885 JCH/KBM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

    THIS MATTER is before the Court on Plaintiff Eustaquio C. Trujillo's motion to reverse or remand the Commissioner's decision denying him Disability Insurance Benefits ("DIB"). *See Doc. 18*. Having carefully considered the record and the parties' arguments, I recommend that the decision of the Commissioner be remanded to the Agency for further consideration.

**I.    BACKGROUND**

    Claimant Eustaquio C. Trujillo suffers from Multiple Sclerosis. *See Administrative Record* (hereinafter "R.") at 254, 289. The Commissioner approved DIB for Mr. Trujillo as of July 1998 based on his spastic paraparesis and chronic low back syndrome. R. at 44. However, Mr. Trujillo contends he has been disabled since December 31, 1982, or since he was 43 years old. R. at 286. His date last insured is December 31, 1987. R. at 79, 183.

**II.    LEGAL STANDARD**

    The Court reviews decisions denying social security disability benefits "only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008) (internal quotation marks omitted). The ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (internal quotations and citations omitted). The ALJ must consider all relevant medical evidence in making his findings and must "discuss the uncontroverted evidence he chooses not to rely upon as well as significantly probative evidence he rejects." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citation omitted).

A "disability" in this context requires both "an inability to engage in any substantial gainful activity" and "a physical or mental impairment, which provides reason for the inability." *Barnhart v. Walton*, 535 U.S. 212, 217 (2002) (internal quotation marks omitted). The impairment must be a "'medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (quoting 42 U.S.C. § 423 (d)(1)(A)). A claimant must establish the onset of disability was before the date last insured. *Flaherty v. Astrue*, 515 F.3d 1067, 1069 (10th Cir. 2007).

The Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (internal citation and quotation omitted)). The Court must meticulously examine the record, "including anything that may undercut or

detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1262.

## The Sequential Evaluation Process

"To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)(1)(A)). The Social Security Administration employs a "five-step sequential evaluation process to determine disability." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). "If at any step in the process the Secretary determines that the claimant is disabled or is not disabled, the evaluation ends." *Thompson*, 987 F.2d at 1486. *Accord Lax v. Astrue*, 489 F.3d at 1084 ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary.").

Steps One through Three require the claimant to show that: (1) he is not working at a substantial gainful activity; (2) he has a severe medically determinable physical or mental impairment or combination of impairments which significantly limit his ability to perform basic work activities; and (3) his impairment is equivalent to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 and meets the duration requirement at 20 C.F.R. §§ 404.1520, 416.920. *See Krauser v. Astrue*, ___ F.3d ___, 2001 WL 1718892 at *1 (10th Cir. 2011); *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010). "If a claimant cannot meet a listing at [S]tep [T]hree, he continues to [S]tep [F]our, which requires the claimant to show that the impairment or combination of impairments prevents him from performing his past work." *Wilson*, 602 F.3d

at 1139 (quoting *Lax v. Astrue*, 489 F.3d at 1084).  Assuming that the claimant satisfies Steps One, Two, Three, and/or Four, "the burden of proof shifts to the Commissioner at [S]tep [F]ive to show that the claimant retains sufficient RFC [residual functional capacity] to perform work in the national economy, given [his] age, education, and work experience."  *Id.* (quoting *Lax*, 489 F.3d at 1084).

### III. ANALYSIS

In this case, there is no question that Mr. Trujillo meets the definition of "disabled."  The Commissioner approved DIB for Mr. Trujillo beginning July 1, 1998 based on his spastic paraparesis and chronic low back syndrome.  R. at 44.  The question in this case is *when* Mr. Trujillo first became disabled.

His 1998 Disability Determination is not sufficient to prove he is entitled to benefits because Mr. Trujillo must establish that the onset of his disability occurred before his date last insured.  *See Flaherty v. Astrue*, 515 F.3d 1067, 1069 (10th Cir. 2007); *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993).  *See also* SSR 83-20, 1983 WL 31249 (providing that "[a] Title II worker cannot be found disabled under the Act unless insured status is also met at a time when the evidence establishes the presence of a disabling condition(s).").  Thus, Mr. Trujillo must establish he was disabled at least as of his date last insured, which is December 31, 1987, in order to prove he is entitled to benefits.

Previously, ALJ Gerald R. Cole found there was not sufficient evidence to find that Mr. Trujillo "suffered severe, disabling symptoms of multiple sclerosis or another medical condition which prevented him from engaging in substantial gainful activity on or prior to December 31, 1987."  R. at 25.  ALJ Cole noted there was no mention of MS symptoms in Mr. Trujillo's

medical records until December 18, 1993, when Mr. Trujillo reported feeling "electrical shock" in his legs as well as double vision and a loss of control of his legs. R. at 25 & 26. Notably, Mr. Trujillo reported as of August 16, 1993 that he had no further symptoms of back pain or leg pain since seeing a chiropractor and that he felt great and had even gone back to work. R. at 26.

ALJ Cole also considered medical opinions of UNM Neurologist Janice Y. Maldonado, M.D. and retired Orthopedist George Dixon. *Id.* Dr. Maldonado opined that Mr. Trujillo had suffered from MS since at least November 2000, while Dr. Dixon felt that Mr. Trujillo met the severity of the impairment listed at § 11.09A since December 29, 1993. *Id.* Based on Mr. Trujillo's affidavit, stating that he had suffered similar symptoms since 1982-1985, Dr. Dixon opined that Mr. Trujillo probably had MS during that period. *Id.* Noting Tenth Circuit case law, ALJ Cole found that while Mr. Trujillo may have had symptoms relating to MS as of his date last insured, there was not sufficient evidence to support a conclusion that he was disabled as early as December 31, 1987. *Id.* at 26-27 (citing *Flint v. Sullivan*, 951 F.2d 264 (10th Cir. 1991) and *Potter v. Sec'y of Health and Human Servs.*, 905 F.2d 1346 (10th Cir. 1990)).

On appeal of ALJ Cole's decision denying benefits, the Honorable Robert S. Scott remanded the case for clarification of internal inconsistencies in ALJ Cole's opinion. R. at 306-310. Judge Scott noted that ALJ Cole expressly found that Mr. Trujillo "was not under a disability as defined in the Social Security Act, at *any* time through the date of this decision." R. at 308-309 (emphasis added). On the other hand, however, ALJ Cole also discussed SSR 83-20 pertaining to the onset date of disability, a discussion that "implies a presumption of disability." R. at 309. Being "unable to determine which of these mutually exclusive approaches the ALJ used in reaching his decision," the case was remanded back to the Social Security

5

Administration.

On remand, ALJ Mark R. Dawson concluded that Mr. Trujillo "was not under a disability within the meaning of the Social Security Act from December 31, 1982 through the date last insured." R. at 286. ALJ Dawson, relying largely on Social Security Report 96-4p, denied benefits after finding that "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured." R. at 290.

> **A.  The ALJ is Required to Make A Determination of the Date on Which Mr. Trujillo's Disability Arose ("Date of Onset").**

Mr. Trujillo contends that ALJ Dawson erred in failing to "engage in a legally sufficient discussion of the onset of Mr. Trujillo's disability." *Doc. 18* at 4. Specifically, Mr. Trujillo contends that in this case, where it has already been determined that Mr. Trujillo is "disabled" within the meaning of the Social Security Act and where the only question is what his onset date of disability is, SSR 83-20 rather than SSR 96-4p applies.

Indeed, Social Security Report 96-4p pertains to the evaluation of symptoms in initially determining whether an individual is disabled pursuant to the Social Security Act. *See* SSR 96-4p, 1996 WL 374187 at *1 (July 2, 1996). Where an individual, such as Mr. Trujillo has already been determined to be disabled and the only question is the date of onset, SSR 83-20 controls the analysis. *See Blea v. Barnhart*, 466 F.3d 903, 909 (10th Cir. 2006).

As instructed in SSR 83-20, determination of the onset date for disabilities like Mr. Trujillo's, or those of nontraumatic origin, "involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity." SSR 83-20, 1983 WL 31249 at *2. Where, as here, the case involves a slowly progressive

6

impairment, "it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling." *Id.* Thus, the onset date must be inferred "from the medical and other evidence that describe the history and symptomatology of the disease process." *Id.*

> [T]he date alleged by the individual should be used if it is consistent with all the evidence available. When the medical or work evidence is not consistent with the allegation, additional development may be needed to reconcile the discrepancy. However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record.

*Id.* at *3. In the event that reasonable inference cannot be made based on the existing evidence, SSR 83-20 suggests that "[i]nformation may be obtained from family members, friends and former employers" both to determine why sufficient medical evidence is not available and, further, to provide additional evidence "regarding the course of the individual's condition." *Id.* at *3.

The Court agrees with Mr. Trujillo and will again remand this case to the Social Security Administration for further consideration and for final determination of Mr. Trujillo's date of onset.

>   B. **In the Absence of the ALJ's Determination of Date of Onset, the Court Cannot Determine Whether the Existing Medical Advice in the Record Provides Substantial Evidence in Support of the ALJ's Determination or Whether Additional Medical Advice is Required.**

In this case, ALJ Dawson took testimony from Mr. Trujillo's wife, Aleta Trujillo, and his daughter, Lea Gallegos, pertaining to his early symptoms of MS. *See* R. at 345-355 and 356-359, respectively. There are no allegations that the ALJ should have taken additional testimony from other family members or friends or former employers. *See Doc. 18.* Mr. Trujillo does contend, however, that the ALJ should have utilized a medical provider. While SSR 83-20 provides that

7

"the [ALJ] should call on the services of a medical advisor when onset must be inferred," SSR 83-20, 1983 WL 31249 at *3, I am aware that there are at least two medical opinions in the record concerning onset of disability, *see* R. at 254 (Maldonado) and 256-258 (Dixon). Without the benefit of the ALJ's determination of onset of disability, I cannot determine whether such opinions provide substantial evidence in support of that determination or whether testimony from an additional medical advisor is required.

    **C.**    **On Remand, the ALJ Must Determine Whether Mr. Trujillo's Testimony and the Testimony of His Family Members Concerning the Date of Onset is Consistent With All the Evidence Available.**

Mr. Trujillo also contends that the ALJ erred in failing to assess the credibility of Mr. Trujillo and his family members who testified concerning his date of onset. *Doc. 18* at 8. SSR 83-20 does not require precise credibility determinations. It provides simply that "[i]n determining the date of onset of disability, the date alleged by the individual should be used *if it is consistent with all the evidence available*." SSR 83-20, 1983 WL 31249 at *3 (emphasis added). Similarly, "[t]he impact of lay evidence on the decision of onset will be limited to the degree it is not contrary to the medical evidence of record." *Id.* Thus, on remand, the Agency must determine not whether Mr. Trujillo's testimony (or that of his family members) is credible, but whether it is consistent with and not contrary to the evidence of record, including in particular the medical evidence that is available.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion *(Doc. 18)* be granted, and this matter remanded to the Commissioner for further proceedings.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE